IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUY FRANK S. KISANGANI,

       Plaintiff,

Vs.                                                                           No. 05-4015-SAC

CITY OF MANHATTAN, KANSAS,

       Defendant.

**Memorandum and Order**

On February 10, 2005, plaintiff, acting pro se, filed this Title VII action. Plaintiff's complaint alleges that defendant's attempt to revoke his parole, after he had served over two years of probation for a misdemeanor conviction, was racially motivated. Dk. 1. Defendant responded by filing a motion to dismiss, alleging insufficiency of service of process and failure to state a claim for relief. Dk. 6. When plaintiff failed to respond to the motion, this court ordered plaintiff to show cause, in writing, on or before May 17, 2005, why the motion to dismiss should not be considered and decided as an uncontested motion pursuant to D. Kan. Rule 7.4. A copy of the show cause order sent by certified mail was returned as unclaimed, but a copy of the show cause order sent by regular mail was not

returned.

No response has been received to the show cause order. It is within this court's discretion to dismiss this case for plaintiff's failure to prosecute it.

> "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002); *see also* Fed. R. Civ. P. 41(b) (stating that district court may dismiss an action with prejudice if the plaintiff fails "to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court.").

*Williamson v. Owners Resort & Exchange*, 90 Fed. Appx. 342, 345, 2004 WL 370977, *2 (10th Cir. 2004).

Plaintiff's failure is not excused by his status as a pro se litigant. Even though a pro se litigant is held to a less stringent standard than a licensed attorney, he must nevertheless follow the same rules of procedure governing other litigants. *See Zenati v. Echostar, Inc.*, 203 F.3d 837, 2000 WL 43719, *1 (10th Cir. 2000), citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993). Because plaintiff has failed to show any reasons why this case should not be dismissed, and because plaintiff's non-response to the court's show cause order indicates his continuing failure to prosecute the case, it shall be dismissed.

IT IS THEREFORE ORDERED that this case is dismissed without prejudice.

Dated this 26th day of May, 2005, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge